PATRICK J. CROGHAN, *Appellant,* v. GERTRUDE H. CROGHAN, *Appellee.*

Opinion Filed November·17, 1919.

1. Where the difference between a husband and wife show human infirmities that do not become so serious as to bring them within the rules laid down by this court as to what constitutes extreme cruelty, and violent and ungovernable temper towards the defendant, a divorce will not be granted.

2. "The rule as to the character and degree of evidence· required to obtain a divorce on the ground of habitual indulgence of a violent and ungovernable temper, as announced in Palmer v. Palmer, 26 Fla. 215, 7 South. Rep. 864, re-affirmed."

An Appeal from the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Decree reversed.

*Charles S. Adams,* for Appellant;

*Butler & Boyer,* for Appellee.

BROWNE, C. J.—This is an appeal from a final decree granting Gertrude H. Croghan a divorce from Patrick J. Croghan. The parties were married in February, 1894, and lived together until 1911, when the wife brought suit for divorce. After a time they became reconciled and lived together until November, 1914, when they separated by mutual consent under a written agreement, and were living apart on the 8th of November, 1915, when the wife again brought suit for divorce. The bill charged the defendant with extreme cruelty towards her and the habitual indulgence by the defendant in violent and ungovernable temper.

The specific acts set out in the bill to establish either of these grounds for divorce are few, and of no magnitude, and extend over a period of about twenty years. The bill seems to recognize that the acts complained of in themselves, and to an ordinary woman, might not bring them within the statutory grounds, but they are supposed to be of greater importance in this case because of the recital in the bill that the complainant "is a lady of refinement and culture and of the sensibility and sensitiveness of a lady towards violent and grossly profane language, and has the horror of a lady and of a person of refinement for coarseness of speech."

The first act of cruelty or exhibition of violent and ungovernable temper occurred in 1894, a few days after their marriage, and more than twenty years before the institu-

tion of this suit and consisted in the defendant snatching from her a society paper that she was reading and destroying the paper and locking her in the room, cursing and violently abusing her with profane and obscene language.

There is a general charge that it was the defendant's custom to lie in bed and smoke and blow the smoke in his wife's face, and that on more than one occasion he seized her by the nose and forcibly turned her face to him and toward the smoke again, and compelled her by mere brute force to receive the fumes of his tobacco smoke in her face, and refused to allow her to get out of the bed to avoid his said cruel and abusive treatment.

The next act occurred in 1904, eleven years before the institution of this suit, and consisted in striking her with his first so that she "fell upon a couch, but was not seriously injured."

These three are the only specific acts set up in the bill to sustain the allegations of cruelty, or violent and ungovernable temper. One occurred more than twenty years before the filing of the bill, the other about eleven years, and the third, taking her by the nose and pulling her head towards him so that he might blow smoke in her face is described as having occurred on more than one occasion.

All these acts were committed prior to the institution of her suit for divorce in 1911, and in the bill in the instant case she says she "condoned the previous acts of the said defendant upon his promise to refrain from such conduct at all future times." There is no allegation that any of these or similar acts were committed by the defendant after their condonation in 1911, and the only act set out in the bill that it is claimed worked a "revival of the said acts after condonation in 1911," is that while

they were living apart under an agreement that he should have the "exclusive use of the rear room on the second floor of said house at all times that he shall so desire to use the same," on one occasion he threatened to kick her out of this room, in which she had entered unbidden, if she did not get out. The bill describes a difficulty between the defendant and some of his tenants, but as this conduct was not directed towards the complainant, it does not support the charge of extreme cruelty or violent and ungovernable temper towards her.

It appears from the bill that they had not lived together as husband and wife for almost two years prior to' the institution of this suit and the only act claimed to have been committed by the defendant against the complainant during that time was a single instance when he told her that if she did not get out of his room he would kick her out.

We think the bill fails to make out a case of either of the statutory grounds alleged and that the demurrer should have been sustained.

Had the testimony established a course of conduct on the part of the defendant towards the complainant constituting extreme cruelty or the habitual indulgence by the defendant in violent and ungovernable temper towards her, although all the specific acts were not recited in the bill, the error in overruling the demurrer might not have been cause for reversal, where the ruling of the court upon it comes before this court on the merits, but the testimony is insufficient to establish either of the grounds of divorce upon which the bill is predicated.

The facts show such incompatibility as would be expected between a refined and well reared lady, as the bill asserts the complainant is, and a man who might not pos-

sess the manners of a Chesterfield and who sometimes met refined acts of unkindness, with human expressions of reasonable anger, even to the extent of saying "damn," which complainant says "was very common, very rude, and very brutal."

The home life of this couple could not be called heavenly, and where the differences between man and wife show human infirmities that do not become so serious as to bring them within the provisions of our statute and the decisions of this court as to what constitutes the offences charged in the bill of complaint, a divorce should not be granted.

The testimony falls far short of establishing the charge of extreme cruelty by the defendant to the complainant, or the habitual indulgence by defendant in violent and ungovernable temper towards her.

The decree is reversed.

Taylor, Whitfield and Ellis, J. J., concur.

West, J., concurs in the conclusion.